990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrzej JANKOWSKI, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70730.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 25, 1993.
 
 Before: WALLACE, Chief Judge, FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrzej Jankowski, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order reversing the immigration judge's ("IJ") decision granting Jankowski's requests for asylum and withholding of deportation. The BIA denied Jankowski's requests and granted him voluntary departure in lieu of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review the BIA's factual findings under the substantial evidence test. Id. We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 
 4
 Section 208(a) of the Refugee Act of 1980, 8 U.S.C. § 1158(a) ("Act"), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." As defined in the Act, a refugee is an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 5
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted). Persecution involves "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir, 840 F.2d at 727 (quotations omitted). Past persecution alone, independent of a well-founded fear of future persecution, is enough to establish eligibility for asylum. Id. at 729.
 
 
 6
 An applicant is entitled to withholding of deportation pursuant to 8 U.S.C. § 1253(h) if he or she establishes a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984); Blanco-Lopez v. INS, 858 F.2d 531, 533 (9th Cir.1988). To meet this burden, the applicant must show that it is more likely than not that he or she will be persecuted upon deportation. Blanco-Lopez, 858 F.2d at 533. The "clear probability" standard applicable to withholding of deportation claims is more stringent than the "well-founded fear" standard applicable to asylum claims. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). Accordingly, an applicant who fails to meet the "well-founded fear" standard required for asylum also fails to meet the "clear probability" standard required for withholding of deportation. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 7
 Jankowski contends the BIA erred by finding that (1) his fears of persecution were not well-founded because of recent political changes in Poland; (2) his history of arrests and interrogations and his loss of employment did not constitute persecution; and (3) he was not persecuted on the basis of religion. Jankowski also contends the BIA erred by considering these factors separately rather than cumulatively. These contentions lack merit.
 
 
 8
 First, the BIA was entitled to take administrative notice of Solidarity's participation in Poland's new coalition government and of Lech Walesa's election as president. Acewicz, No. 91-70257, slip op. at 977. Jankowski had ample opportunity to argue before the IJ and the BIA that his fear of persecution remained well-founded despite the change in government. See Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992) (due process may require BIA to provide petitioner opportunity to rebut noticed facts but does not require BIA to provide opportunity to rebut facts that are "legislative, indisputable, and general"). Thus, Jankowski was not denied due process, see Acewicz, No. 91-70257, slip op. at 978, and the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Jankowski's fear of persecution, see id.
 
 
 9
 Second, Jankowski's history of arrests by the former Communist government is lengthy and his loss of employment unfortunate, but the BIA did not err by finding these incidents did not constitute persecution. The former government's actions may not accord with our notions of freedom but they do not, in our opinion, constitute "the infliction of suffering or harm upon those who differ (in race, religion or political opinion) in a way regarded as offensive." Desir, 840 F.2d at 727 (quotations omitted). Moreover, given the change in Poland's government that the BIA appropriately noticed, we cannot say that Jankowski has an objectively reasonable fear of persecution if he returns to Poland. See Estrada-Posadas, 924 F.2d at 918.[1]
 
 
 10
 Finally, Jankowski's claim of religious persecution also fails. As the government argues, Jankowski failed to distinguish his plight from that of all other Polish Catholics, even while he was in the army. See id. at 920 (holding petitioner was required to show her "predicament [was] ... appreciably different from the dangers faced by [her] fellow citizens"); see, e.g., Elnager v. INS, 930 F.2d 784, 788 (9th Cir.1991) (rejecting claim of religious persecution in part because record lacked evidence of persecution of individuals).
 
 
 11
 The BIA did not abuse its discretion by finding that Jankowski failed to establish statutory eligibility for asylum. Jankowski demonstrated a subjective fear of persecution but there is substantial evidence in the record to support the BIA's conclusion that he failed to demonstrate an objectively reasonable basis for his fear. See Estrada-Posadas, 924 F.2d at 918. Moreover, because Jankowski failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution. See Berroteran-Melendez, 955 F.2d at 1258. Accordingly, the BIA did not err by denying his request for withholding of deportation.
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jankowski testified that he opposes the new coalition government because his faction of Solidarity opposes all collaboration with the Communists. At most, this testimony reflects a philosophical difference with Walesa's faction of Solidarity. It does not indicate that Jankowski will suffer persecution under the new government